## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JERRY WELTY,**

      **Plaintiff,**                       **Case No. 2:05-cv-60**
                                               **JUDGE GREGORY L. FROST**
     **v.**                             **Magistrate Judge Norah McCann King**

**HONDA OF AMERICA MFG., INC.,**

      **Defendant.**

### OPINION AND ORDER

This matter is before the Court for consideration of Defendant's combined motion for summary judgment and motion for judgment on the pleadings (Doc. # 4), Plaintiff's memorandum in opposition (Doc. # 7), and Defendant's reply (Doc. # 8).  Also before the Court is a request filed by Plaintiff under Federal Rule of Civil Procedure 56(f).  (Doc. # 7.)  For the reasons that follow, the Court finds Defendant's combined motion not well taken in regard to Counts I and III, but well taken in regard to Count II.  (Doc. # 4.)  The Court also finds the Rule 56(f) request well taken only in part.

### I.  Background

Plaintiff, Jerry Welty, is an Ohio resident who was employed since 1981 by Defendant, Honda of America Manufacturing, Incorporated.  During the course of his employment, Plaintiff took leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., in 2003 and 2004.  Toward the end of June 2004, Plaintiff was informed that he was being discharged from his job due to absences from work.  Plaintiff appealed this decision to an in-

1

house review panel, which reversed his termination.

Upon Plaintiff's return to work in July 2004, Plaintiff was moved to another position and then to the assembly line.  While working in this new position, Plaintiff asserts that he sustained injuries to his neck and arm and subsequently called off work on July 19 and 20, 2004.  On July 21, 2004, Plaintiff was informed that he was going to be discharged for these two absences.  Plaintiff again appealed.

During the review panel hearing, Defendant presented evidence of Plaintiff's absences from work during the preceding three years, including his previous FMLA leave and absences related to other injuries for which Plaintiff received workers' compensation.  The review panel decided against Plaintiff, and he was discharged.  Plaintiff eventually received workers' compensation for his July 2004 injury.

On February 23, 2005, Plaintiff instituted the instant action by filing a three-count Complaint.[1]  (Doc. # 1.)  Count I asserts the sole federal claim, alleging that Defendant violated the FMLA by transferring Plaintiff to a different position when he returned from FMLA leave and by later discharging him using–at least in part–absences protected by the FMLA to support the discharge.  Count II asserts a claim under Ohio law for retaliation in violation of Ohio Rev. Code § 4123.90, and Count III consists of another state law claim for wrongful discharge in violation of Ohio public policy.  After answering the Complaint, Defendant filed a March 21, 2005 combined motion that seeks summary judgment on the federal claim and judgment on the pleadings on the state law claims.  (Doc. # 4.)  The parties have completed their briefing, and

---

[1]  Although the Complaint initially indicates that it contains four counts, it then sets forth only three counts.  (Doc. # 1, at 1 ¶ 4.)

2

Defendant's motion is now ripe for disposition.

## II.  Discussion

### A.  Federal Claim

As noted, Defendant moves for summary judgment on Plaintiff's FMLA claim. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court must therefore grant a motion for summary judgment here if Plaintiff, the nonmoving party who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to his case.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of Plaintiff, who must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52.)

In light if this analytic framework, Defendant argues that it is entitled to judgment as a matter of law because (1) at the time of his discharge, Plaintiff was not an "eligible employee" under the FMLA and therefore is not entitled to assert claims under the Act, and (2) Plaintiff improperly asserts an "interference" claim, despite the fact that no interference with FMLA rights occurred. Neither contention is correct.

Defendant's reasoning that Plaintiff cannot assert a claim because he was not an eligible employee at the time of his discharge is premised upon the fact that Plaintiff failed to work 1,250 hours in both 12-month periods preceding his termination and preceding his assignment to a different position. Defendant is correct that only an eligible employee is entitled to FMLA leave under 29 U.S.C. § 2612(a)(1). Defendant is also correct that the FMLA defines an "eligible employee" as "an employee who has been employed ... for at least 12 months by the employer with respect to whom leave is requested ... and ... for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A)(i), (ii).

But Defendant is incorrect in asserting that Plaintiff had to be eligible to take leave *at the time of his discharge* to assert an FMLA claim involving prior FMLA leave taken when he *was* an eligible employee. *Cf. Smith v. Bellsouth Telecommunications, Inc.*, 273 F.3d 1303, 1313 (11th Cir. 2001); *Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1, 9-11 (1st Cir. 1998). This is because the "eligible employee" requirement is not an absolute bar against individuals seeking to asserts FMLA *rights* even if they do not currently qualify for FMLA *leave*. For example, Courts have held that an employee qualifies as an "eligible employee" when they have requested leave before satisfying the hour requirement, the prospective leave will not commence until after that requirement has been satisfied, and the adverse employment action occurs before the 12-month

4

date.  *See, e.g.*, *Beffert v. Pennsylvania Dept. of Public Welfare*, 2005 WL 906362, at *3 (E.D. Pa. Apr. 18, 2005) ("an employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced").  Such a holding recognizes that the policy underlying the Act governs its language so as to bar inane results.

By extension, such holdings also support the proposition that the "eligible employee" requirement is satisfied here because Plaintiff qualified as an eligible employee at the time he took his leave under the FMLA.  *See Humenny v. Fenex Corp.*, 390 F.3d 901, 905 (6th Cir. 2004) (inquiring whether plaintiff ever qualified for FMLA leave in determining whether plaintiff could assert cause of action); *Rosania v. Taco Bell of America, Inc.*, 303 F. Supp. 2d 878, 887 n.9 (N.D. Ohio 2004) (quoting *Delgado v. Solopak Pharms., Inc.*, No. 96 C 7397, 1997 WL 403703, at *3-4 (N.D. Ill. July 15, 1997)).  To hold otherwise would frustrate the policies of the Act by reading into the statutory framework (and its regulations) a loophole qualification that would contravene logic.  As a sister district court judge explained, "Whether [a plaintiff] was eligible for additional leave at the time [he] was discharged in retaliation for past leave is of little consequence.  Indeed, such a rule would make little sense."  *Delgado*, 1997 WL 403703, at *3.

The cases upon which Defendant relies to support a contrary interpretation of the FMLA do not persuade the Court.  Three of those cases are not on point insofar as they address plaintiffs who sought to assert FMLA rights without having qualified as eligible employees at the time of the requested leave.  *See Hinson v. Tecumseh Prods. Co.*, 234 F.3d 1268, 2000 WL 1597947 (6th Cir. Oct. 17, 2000) (unpublished table decision); *Sepe v. McDonnell Douglas Corp.*, 176 F.3d 1113 (8th Cir. 1999); *Rocha v. Sauder Woodworking Co.*, 221 F. Supp. 2d 818

5

(N.D. Ohio 2004).  In contrast, the instant case concerns FMLA rights properly asserted during a period of uncontested eligibility and involves the ongoing benefits associated with those rights.

Further, *Adams v. Honda of America Manufacturing*, *Incorporated*, 111 Fed. Appx. 353, 2004 WL 1152145 (6th Cir. May 19, 2004), does not stand as Defendant asserts for the proposition that "[o]nly an 'eligible employee' is entitled ... to assert claims under the FMLA" so as to foreclose Plaintiff's ability to proceed under the Act here.  (Doc. # 4, at 3.)  Rather, that appellate panel simply held that a plaintiff who had not satisfied the 1,250 hour requirement and did not request FMLA leave could not invoke FMLA protection for a specific absence.  *Adams*, 111 Fed. Appx. at 356, 2004 WL 1152145, at *3.  That situation is distinguishable from the case *sub judice* because Plaintiff does not seek to apply the FMLA to a period when he was ineligible to exercise an unearned right.  Instead, he seeks to protect an FMLA right exercised during a period of unquestioned eligibility.  Similarly, *Davis v. Henderson*, 238 F.3d 420, 2000 WL 1828476 (6th Cir. 2000) (unpublished table decision), is not on point because that case turns on the plaintiff's failure to satisfy numerous procedural requirements and not on the precise issue of eligibility before the Court today.  *Id*. at *4-5.

Plaintiff can therefore assert his FMLA-based cause of action here for a violation of the Act and its related implementing regulations.  *See Bradley v. Mary Rutan Hosp. Assoc.*, 322 F. Supp. 2d 926, 946-47 (S.D. Ohio 2004).  Thus, for example, because Defendant apparently used as a negative factor Plaintiff's prior FMLA leave as a component in defending the discharge decision–whether to finalize that decision or to preclude rehiring– Plaintiff can assert a cause of action for violation of 29 CFR § 825.220(b) and (c).  This determination that Plaintiff *can* assert a claim under the FMLA leads into the question of whether Plaintiff *has* alleged a viable cause

6

of action under the Act.

As noted, Defendant argues that Plaintiff has failed to assert an interference claim under the FMLA.  The company notes that the Complaint explicitly references 29 U.S.C. § 2615(a)(1), regarded as the interference provision, and that there is no evidence that it denied Plaintiff the right to FMLA leave or reinstatement.  To defeat this argument, Plaintiff directs this Court to 29 C.F.R. § 825.220(b), which provides that "[a]ny violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act," and to case law that recognizes the often blurred nature of FMLA claims.  The Court finds Plaintiff's authority persuasive.

At first blush, Plaintiff's allegations of a 29 C.F.R. § 815.220(c) violation would indeed appear to fall within 29 U.S.C. § 2615(a)(2) and not (a)(1).  But such a reading of the statutory scheme neglects crediting the often-confusing scope of what constitutes interference.  Although not always consistent in its description of the Act, the Sixth Circuit has explained that § 2615(a)(1) and (a)(2) *both* constitute retaliation provisions.  *Humenny*, 390 F.3d at 905.  Another judge within this district has previously noted the "current, confusing state of FMLA law" and attempted to reconcile the problematic use of applying the labels "interference," "discrimination," and "retaliation" to FMLA claims.  *Bradley*, 322 F. Supp. 2d at 938.  That judge concluded that a single framework for all FMLA claims made sense based, in part, on its conclusion that "courts should not have to pigeonhole [a] plaintiffs' claims, fit them under either the language of § 2615(a)1) or (2), or create a seemingly new cause of action for each label."  *Id*. at 940 n.16.

Thus, using the language of *Cavin v. Honda of America Manufacturing.*, 346 F.3d 713,

7

719 (6th Cir. 2003), which interestingly spoke of "FMLA benefits," Plaintiff's claim is that

Defendant interfered with the benefits associated with his prior exercise of his FMLA rights.

*Bradley* noted that such claims rarely fit neatly into an interference claim.  322 F. Supp. 2d at

940 n.16.  But such a claim is also not neatly *outside* the scope of an interference claim.  Stated

another way, inherent within the exercise of the right to leave under the FMLA is that an

employer cannot later use that leave against the employee.  By doing so, the employer interferes

with the ongoing protections that accompany the right–protections that are part *prescriptive* in

that the employee must afford the employee the right to be free from retaliation, as well as part

*proscriptive* in that an employer cannot penalize an employee for invoking this or other FMLA

rights.  Plaintiff's "interference" claim here therefore fits within the framework suggested in

*Bradley* "for all claims brought by a plaintiff who alleges that her employer used the fact that she

took FMLA leave against her in some unlawful way": A plaintiff must prove by a preponderance

of the evidence that he is an "eligible employee," that a defendant is an "employer," that he was

entitled to take FMLA leave, that he gave proper notice of his intention to take leave, and that

the employer somehow used the leave against him and in an unlawful manner, as provided in

either the FMLA or its regulations.  *Id*.  In light of this framework, Plaintiff has produced via his

affidavit evidence of a genuine issue of material fact to defeat summary judgment.  (Doc. # 7,

Ex. 1, Welty Aff., at 2 ¶ 6.)

One other comment is necessary.  To the extent that Defendant may complain that the

foregoing framework is a surprise, this Court notes that the pleading makes clear what is at issue

in this action.  Although Plaintiff specifically cited a violation of § 2615(a)(1) in the Complaint,

Count I sets forth a broad claim for "Violation of Family and Medical Leave Act ('FMLA') 29

U.S.C. §2601 et seq." (Doc. # 1, at 4.)  There is thus an inherent tension between the general

invocation of the Act and the more narrow reference to a specific alleged violation, which is

described in allegations that invoke other statutory and regulation provisions.  To grant summary

judgment on a curiously restrictive reading of § 2615(a)(1) would be an injustice given that all

involved in this matter, including Defendant, knows what Plaintiff's federal claim is about:

Plaintiff alleges that Defendant improperly used Plaintiff's FMLA leave in making adverse

employment decisions.  The purpose of notice pleading is not to create pitfalls for the inartful

plaintiff who, in light of often-confusing FMLA jurisprudence, cites to a potentially applicable

provision of the Act while also citing to the entirety of the Act.  Rather, the Federal Rules of

Civil Procedure require that Plaintiff inform Defendant of the substance of his claims, and the

Complaint does just that.  There is a genuine issue as to whether Defendant violated the Act,

because there is evidence that Defendant indeed employed the FMLA leave in its

decisionmaking.

Having concluded that Defendant is not entitled to judgment as a matter of law on

Plaintiff's FMLA claim, the Court also concludes that Plaintiff's request under Fed. R. Civ. P.

56(f) is moot in regard to those aspects of Count I predicated on Plaintiff's discharge.[2]  (Doc. #

1, at 4 ¶ 23(a)-(c).)  This leaves one remaining theory of an actionable violation under Count

I–the unlawful transfer component of the claim–subject to Rule 56(f) relief.  (Doc. # 1, at 5 ¶

23(d).)

---

[2]  To the extent that the discharge review panel could be viewed as separate from the
discharge decision–and therefore a potential candidate for summary judgment–the Court notes
that Defendant has failed to offer evidence supporting viewing the process in such components.
The Court also notes that Plaintiff's Rule 56(f) request would enable Plaintiff to conduct
discovery on that aspect of the case even if Defendant had presented such evidence.

The Sixth Circuit Court of Appeals has explained that a court should consider the following relevant factors when addressing a Rule 56(f) motion:

> when the [moving party] learned of the issue that is the subject of the desired discovery; whether the desired discovery would have changed the ruling; how long the discovery period lasted; whether the [moving party] was dilatory in its discovery efforts, and whether the [non-moving party] was responsive to discovery requests.

*Estes v. King's Daughters Medical Center*, 59 Fed. Appx. 749, 754 (6th Cir. 2003) (citing *Plott v. General Motors Corp., Pakcard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)).  Guided by this standard, the Court concludes that Plaintiff's Rule 56(f) motion is well taken in regard to his transfer theory.

Plaintiff asks the Court to permit necessary discovery on the transfer issue.  Such discovery may potentially render Defendant's pending summary judgment motion outdated, because following discovery the company may be able to present a stronger (or might be forced to adjust for a weaker) case for the rationale upon which it currently relies.  The Court is therefore concerned that designating the current motion for summary judgment as merely stayed in regard to the transfer theory will result only in supplemental briefing down the road, all the while maintaining an open and in all probability increasingly irrelevant motion on the docket. The better course of action, then, is to follow Rule 56(f)'s first suggestion that "the court may refuse the application for judgment."  Fed. R. Civ. P. 56(f).  The Court therefore denies without prejudice Defendant's motion for summary judgment on Plaintiff's transfer theory as a basis for an FMLA violation.  Whether Plaintiff can produce evidence to later survive summary judgment on the transfer allegation is an open issue.

The Court **DENIES** the motion for summary judgment (Doc. # 4) and **GRANTS IN**

10

**PART** and **DENIES IN PART** the Rule 56(f) request (Doc. # 7).

### B. State Law Claims

Defendant also moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief."  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).  *See also Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).  The Court need not, however, accept as true legal conclusions or unwarranted factual inferences.  *Mixon*, 193 F.3d at 400.

Within this framework, Defendant's motion targets Plaintiff's state law claims of retaliation and wrongful discharge in violation of public policy.  In regard to the former, Defendant argues that Plaintiff's Complaint fails to plead that he was discharged because of a workers' compensation claim, a requirement under Ohio Rev. Code § 4123.90.  The company notes that no paragraph of the Complaint "alleges that plaintiff filed, instituted, or pursued a workers' compensation claim prior to his discharge on July 21."  (Doc. # 8, at 11.)

It is notable that Count II targets only the July 19 and 20 absences related to the July 16 injury.  Although the Complaint avers that the company used "[a]ll absences in the last three (3) years of Plaintiff's career, including absences that were caused by injuries for which Plaintiff had received Workers Compensation benefits" (Doc. # 1, at 3 ¶ 15(b)), this general statement references not other, unidentified workers' compensation absences but only the July 19 and 20

11

absences.  Supporting this view of Paragraph 15(b) of the Complaint is Plaintiff's narrowing reference to only one workers' compensation claim in describing Count II.  (Doc. # 7, at 1-2, 5.)

Thus, the inquiry for this Court is whether Plaintiff can assert a claim under ¶ 4123.90 for a discharge related to absences for an injury for which he received workers' compensation, but for which he had apparently not yet filed or otherwise apparently pursued a claim at the time of his discharge.  A survey of Ohio case law suggests that under such circumstances, Defendant is correct in arguing that Plaintiff is foreclosed from proceeding under the state statute.

The Ohio Supreme Court has held that "[t]he language of [Ohio Rev. Code §] 4123.90 is clear and unambiguous that an employee must have either filed a claim or initiated or pursued proceedings for workers' compensation benefits prior to being discharged for his employer to be liable under the statute." *Bryant v. Dayton Casket Co.*, 69 Ohio St. 2d 367, 433 N.E.2d 142, syllabus (1982).  That court has further explained that, at least in the self-insured employer context, to initiate or pursue a claim means filing a formal written claim, the employer agrees to pay or has paid for medical care, the employer receives a bill for medical services related to the employee's injury, or the employer becomes otherwise involved with the compensation process. *Roseborough v. N.L. Indus.*, 10 Ohio St. 3d 142, 462 N.E.2d 384, syllabus (1984).  It does not appear, however, that Ohio's highest state court has addressed explicitly the precise issue here.

This Court also cannot say that the Ohio Supreme Court has implicitly resolved the issue. Plaintiff characterizes the issue before this Court as essentially whether the protection afforded Ohio workers' compensation claimants by *Coolidge v. Riverdale Local School District*, 100 Ohio St. 3d 141, 797 N.E.2d 61 (2003), begins at the time of absences pre-dating a claim or only after a claim has been made.  *Coolidge* dealt with employee absences while an employee is

12

receiving temporary total disability compensation, however, and thus provides no direct support for an overarching policy protecting all injury-related absences that Plaintiff advances here. The Ohio Supreme Court could have fashioned a broader rule than it did and elected to proceed narrowly based on a specific set of factual circumstances.

Given the surprising dearth of Ohio Supreme Court authority, this Court may look to the lower courts of Ohio for guidance. The Sixth Circuit has endorsed the propriety of turning to such persuasive authority:

> If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. *See Bailey v. V & O Press Co.,* 770 F.2d 601, 604 (6th Cir.1985) (citing cases). "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1485 (6th Cir.1989); *accord Northland Ins. Co. v. Guardsman Products, Inc.,* 141 F.3d 612, 617 (6th Cir.1998). This rule applies regardless of whether the appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.,* 223 F.3d 323, 328 (6th Cir.2000); *Puckett,* 889 F.2d at 1485.

*Ziegler v. IBP Hog Market*, 249 F.3d 509, 517 (6th Cir. 2001). Thus, in accordance with this mandate, the Court turns to the lower courts of Ohio and concludes that Plaintiff does not have a statutory cause of action based on the allegations of his Complaint.

It appears to be well settled among Ohio's appellate districts that § 4123.90 requires that an employee take some active step toward pursuing a workers' compensation claim *preceding* termination. *See Thompson v. Kinro, Inc.*, 37 Ohio App.3d 175, 525 N.E.2d 528 (Ohio 2d Dist. Ct. App. 1987); *Sidenstricker v. Miller Pavement Maintenance, Inc.*, Nos. 00AP-1146 & 00AP-1460, 2001 WL 1286419 (Ohio 10th Dist. Ct. App. Oct. 25, 2001); *Jurasek v. Gould Electronics, Inc.*, No. 2001-L-007, 2002 WL 31545351 (Ohio 11th Dist. Ct. App. Nov. 15,

13

2002). *See also Moore v. Animal Fair Pet Ctr., Inc.*, 81 Ohio Misc. 2d 46, 50, 674 N.E.2d 1269, 1272 (Franklin Cty. Ct. Common Pleas 1995), *abrogation on other grounds recognized in Boyd v. Winton Hills Med. & Health Ctr.*, 133 Ohio App.3d 150, 159, 727 N.E.2d 137, 143 n.16 (Ohio 1st Dist. Ct. App. 1999). Here, Plaintiff's pleading fails to allege any such step, and his memorandum in opposition does not attempt to remedy that omission by pointing to any act he took prior to his discharge to pursue a workers' compensation claim. Rather, Plaintiff merely presents a policy argument that would bootstrap his overly broad characterization of *Coolidge* into a judicial holding that contravenes the plain wording of § 4123.90. This Court declines to extend *Coolidge* in such a manner.

Accordingly, the Court must conclude that Plaintiff's narrow pleading presents a set of facts that cannot entitle him to relief on his § 4123.90 claim. The Court recognizes that the rationale behind this result perhaps emboldens employers to terminate employees as soon as an injury-related absence occurs but before the employee files or otherwise begins to pursue a workers' compensation claim. Such an unlikely result is a policy choice left to Ohio's General Assembly, however, and lies outside the purview of this Court. Moreover, this result targets only a § 4123.90 action and does not speak to a potential public policy violation.

This leaves for disposition Defendant's request for judgment on the pleadings on Count III of the Complaint, the state law violation of public policy claim. The Complaint does not pinpoint the precise statutory basis for this claim, but Plaintiff clarifies in his memorandum in opposition that he is relying upon the entirety of Ohio Rev. Code Chapter 4123, as well as Article 2, Section 35 of the Ohio Constitution, and not the FMLA.

Defendant argues that Plaintiff cannot satisfy two of the four requisite elements of this

14

state law public policy claim: the clarity element and the jeopardy element.  Recognizing the aforementioned *Coolidge* as relevant to the public policy debate only in its reply memorandum, Defendant asserts that *Coolidge* is limited to its fact.  In other words, Defendant argues, the public policy animating *Coolidge* targets only absenteeism-related discharges that occur *after* a claimant has been approved for the receiving temporary total disability benefits.  Plaintiff naturally asserts that *Coolidge* presents a broader proposition that affords employees who incur absences for injuries compensable under Ohio's workers' compensation system protection from discharge over those absences.

Plaintiff has not explicitly pled that he received temporary total disability retroactively to the date of his injury.  But Plaintiff has pled that Defendant used "absences that were caused by injuries for which Plaintiff had received Workers['] Compensation benefits" and that his claim for his July 16 injury was approved.  (Doc. # 1, at 3 ¶ 15(b), at 4 ¶ 17.)  This is notable because if, as reasonably inferred, Plaintiff received such retroactive excused medical leave, then even without additional covered absences, he falls within the public policy recognized in *Coolidge*.  Defendant could not use his July 19 and 20 absences as grounds for termination, regardless of whether Plaintiff would possess a § 4123.90 claim.  *Cf. Hall v. ITT Automotive*, 362 F. Supp. 2d 952, 957-58 (S.D. Ohio 2005) (explaining that although *Coolidge* held that "employers who fire employees receiving temporary total disability for absenteeism or inability to work violate Ohio public policy," that case "fail[ed] to hold such conduct violates § 4123.90").

*Hall* explained how § 4123.90 impacts the clarity element of an Ohio public policy claim similar to the one asserted by Plaintiff:

> Ohio Rev.Code § 4123.90, which prohibits employer retaliation for participation in the workers' compensation system, clearly demonstrates a public policy against

the discharge of employees for filing workers' compensation claims and in favor
of enabling workers to utilize the workers' compensation system without
sacrificing their employment. Ohio Rev.Code § 4123.90; *see also, e.g.,
Hildebrecht v. Premier Mach. Prods., Inc.,* No.2000-L-086, 2001 WL 1497195, at
*1-2, 2001 Ohio App. LEXIS 5204, at *4 (Nov. 21, 2001); *Boyd v. Winton Hills
Med. & Health Ctr., Inc.,* 133 Ohio App.3d 150, 727 N.E.2d 137, 144 (1999).

*Hall*, 362 F. Supp. 2d at 960. *Hall* further interpreted *Coolidge* to stand for the proposition that

there is a clear public policy underlying § 4123.90 *and* § 4123.56 (the temporary total disability

statute) that an employer can violate without a plaintiff possessing a valid claim under §

4123.90. In regard to the jeopardy element, *Hall* also explained although "[t]he Ohio

Supreme Court has never explicitly approved or disapproved of *Greeley* claims premised on the

violation of § 4123.90," numerous lower state courts have found such a claim to be cognizable.

*Id.* at 961. *Hall* further recognized that the Sixth Circuit has been inconsistent in its treatment of

*Greeley* claims predicated on § 4123.90 and that the court of appeals has not issued a controlling

opinion on the issue. *Id.* at 961-63. This Court, agreeing with the rationale presented in *Hall*,

similarly concludes that such a claim is cognizable and that the jeopardy requirement is satisfied.

*See id.* at 963. The end result of such a holding obviates the apparent injustice the Court noted

above in recognizing the narrow scope of § 4123.90, because an employee who is discharged

prior to pursuing a workers' compensation claim possesses a remedy when that discharge is

predicated on absences retroactively covered by workers' compensation. *Cf. Boyd*, 133 Ohio

App.3d at 144, 727 N.E.2d at 161 (recognizing public policy claim associated with § 4123.90

pre-*Coolidge* and stating that "there is no evidence that the legislature intended relief under [§]

4123.90 to be exclusive").

In summary, then, this Court concludes that Plaintiff has pled a valid public policy claim

because the reasonable inferences associated with his factual allegations would fall within the

16

Coolidge rationale–i.e., Defendant was not allowed to terminate Plaintiff for his retroactively approved July 19 and 20 absences.  Further, if Plaintiff is indeed referencing other approved absences, then Defendant acted in contravention of public policy by using these absences to support his discharge before the review panel.

Necessarily construing the Complaint in a light most favorable to Plaintiff and accepting all of the pleading's factual allegations as true, this Court must also conclude that Plaintiff has satisfied the remaining elements of his public policy claim, causation and lack of overriding justification.  The Court thus cannot say that Plaintiff undoubtedly can prove no set of facts in support of Count III that would entitle him to relief.  Accordingly, the Court must deny Defendant's motion for judgment on the pleadings in this claim.  In reaching this conclusion, the Court of course expresses no opinion on whether Plaintiff will be able to prove the factual inferences that save his claim here so as to survive summary judgment or prevail at trial.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment on Count I, the FMLA claim, **GRANTS** Defendant's motion for judgment on the pleadings on Count II, the § 4123.90 claim, and **DENIES** the motion for judgment on the pleadings on Count III, the public policy claim.  (Doc. # 4)  The Court further **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Rule 56(f) request.  (Doc. # 7.)

IT IS SO ORDERED.

   /s/   Gregory L. Frost          
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE